Chen v. Holder

BIA
Verrillo, IJ
A078 729 843

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
　　　　DENNIS JACOBS,
　　　　　　*Chief Judge,*
　　　　JON O. NEWMAN,
　　　　PIERRE N. LEVAL,
　　　　　　*Circuit Judges.*

_____

YING ZHU CHEN, AKA CHUC DINH TRAN,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　11-538
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Scott Bratton, Margaret Wong & Associates Co., LPA, Cleveland, Ohio.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Zhu Chen seeks review of a January 27, 2011, decision of the BIA affirming the February 3, 2009, decision of Immigration Judge ("IJ") Philip Verrillo, pretermitting as untimely her application for asylum, and alternatively denying that form of relief, as well as withholding of removal, on the merits. *In re Ying Zhu Chen*, No. A078 729 843 (B.I.A. Jan. 27, 2011), *aff'g* No. A078 729 843 (Immig. Ct. Hartford Feb. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Chen, a native and citizen of the People's Republic of China, sought relief from removal based on her claim that she fears persecution because she would like to have more than one child in the future in violation of China's population control program. As an initial matter, we need not reach Chen's challenges to the agency's pretermission of her asylum application as untimely because the agency's alternative denial of that form of relief was dispositive of her claim.

The agency did not err in finding speculative Chen's claim that she might have more children in the future giving rise to a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Moreover, for largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that Chen failed to demonstrate that her fear of forced sterilization was objectively reasonable. *See id.* at 158-72. While the petitioners in *Jian Hui Shao* were from Fujian Province, Chen is from Guangdong Province. However, as with the evidence discussed in *Jian Hui Shao*, the evidence Chen submitted relating to Guangdong Province is deficient because either it does not discuss forced sterilizations or it references isolated incidents of

persecution of individuals who are not similarly situated. *See id.* at 160-61, 171-72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

05212012-28

4